# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | |
|---|---|
| JAMES EWING | PLAINTIFF |
| v. | Case No. 3:19-cv-00232-LPR |
| PIZZA CZAR INC., SHANE HOLLOWAY | DEFENDANTS |

## ORDER

Before the Court is Defendants' Unopposed Motion for Leave to File Settlement Documents Under Seal. (Doc. 14). Defendants' request to file under seal the Settlement and Release Agreement, Supplemental Settlement Agreement, and Class Notice and Claim Form. *Id.* This Motion is DENIED. If the parties wish to continue with their motions regarding potential class settlement, they have ten (10) days to file the unredacted settlement documents on the public docket.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). Public access to judicial records serves the ends of "bolster[ing] public confidence in the judicial system" and "provides a measure of accountability to the public at large." *Id.* at 1222. The Court must balance the damage done to "the interests served by the common-law right of access" by sealing a judicial record against the "salutary interests served by maintaining confidentially of the information sought to be sealed." *Id.* at 1223. While in many cases a settlement might not be considered a "judicial document," an agreement settling an FLSA collective (or a Rule 23 class action) is different. *See, e.g., Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 337-38 (S.D.N.Y. 2012). Such settlement agreements, which a court generally must review and approve, are judicial documents both relevant to the performance of the judicial

function and useful in the overall judicial process. They are thus subject to a presumption of public access, as Defendants acknowledge. (Doc. 14 at 2).

The parties have not offered persuasive evidence of why their interest in confidentiality outweighs the public's right to access judicial records. They argue that the settlement documents "contain information related to specific employment relationships and not matters of public concern." (Doc. 14 at 3). This is vague and unconvincing. The parties argue that the settlement awards "are based on Defendants' confidential business practices, including strategic decisions about how locations are staffed and how deliveries are compensated." *Id.* The Court is not convinced that the allegedly insufficient reimbursement of delivery drivers implicates a strategic business decision that should be sealed from public access. Contrary to the assertions made in the Defendants' Motion, an *in camera* review of the settlement documents revealed very little, if anything, about Defendants' business practices that was not already stated in their Complaint on the public docket.[1] On the other hand, sealing the settlement documents runs the risk of thwarting "employees' awareness of their FLSA rights . . . ." which serves to ensure "pervasive implementation of the FLSA in the workplace." *Wolinksy*, 900 F. Supp. 2d at 339 (quoting *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D.Fla.2010)).

Finally, the Court notes that in the proposed Settlement Agreement, the parties specifically contemplated that the Court might not agree to keep the settlement-related documents confidential. Indeed, the parties agreed that if the Court required public filing of the proposed Settlement Agreement, that requirement would not affect the validity of the proposed Settlement Agreement.

---

[1] Other considerations, such as "encouraging settlement, avoiding copycat litigation," conserving resources, and protecting privacy are too speculative to justify sealing. *Id.* at 2; *see Wolinsky*, 900 F. Supp. 2d at 339 (finding that fear of copycat lawsuits or embarrassing inquiries are too speculative to overcome the presumption of public access). Similarly, the parties' argument concerning the inclusion of a confidentiality clause is also unavailing. The "mere fact 'that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that" an FLSA or Rule 23 proposed "settlement agreement is a judicial record, open to the public.'" *Id.* at 338 (quoting *Joo v. Kitchen Table, Inc.*, 763 F.Supp.2d 643, 648 (S.D.N.Y.2011)).

Given this statement, it is not credible for anyone to suggest that confidentiality was a key and material term of the Settlement Agreement such that an agreement would have been prevented in absence of that term.

Accordingly, the Defendants' Unopposed Motion for Leave to File Settlement Documents Under Seal (Doc. 14) is DENIED. The parties have ten (10) days to file unredacted versions of proposed settlement documents on the public docket.

IT IS SO ORDERED this 13th day of March 2020.

_____<br>UNITED STATES DISTRICT JUDGE