IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JAMES EWING, Individually and on**                                    **PLAINTIFF**
**Behalf of All Others Similarly Situated**


vs.                                    No. 3:19-cv-232-LPR


**PIZZA CZAR, INC., and**                                    **DEFENDANTS**
**SHANE HOLLOWAY**


## FIRST AMENDED AND SUBSTITTUED COMPLAINT— CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff James Ewing ("Plaintiff"), each individually and on behalf of all others similarly situated, by and through his attorneys Steve Rauls and Josh Sanford of Sanford Law Firm, PLLC, and for his First Amended and Substituted Complaint—Collective Action against Pizza Czar, Inc., and Shane Holloway ("Defendants"), does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    The purpose of this First Amended and Substituted Complaint is to add class action allegations for the purpose of seeking approval of the Parties' settlement agreement and to make non-substantive edits to clarify Plaintiff's claims.

2.    Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), and the Missouri Minimum Wage Law, R.S.Mo § 290.500, *et seq.*

Page 1 of 28
James Ewing v. Pizza Czar, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR
First Amended and Substituted Complaint—Class and Collective Action

("MMWL"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and all others similarly situated delivery drivers the legal minimum hourly wage and overtime compensation for all hours that Plaintiff and all others similarly situated worked in excess of forty (40) per workweek

3.     Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described *infra*.

## II.     JURISDICTION AND VENUE

4.     The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.     Plaintiff's claims under the AMWA and the MMWL form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

6.     Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA and MMWL claims pursuant to 28 U.S.C. § 1367(a).

7.     Defendants conduct business within the States of Arkansas and Missouri, operating pizza delivery establishments under the name Domino's Pizza in Pocahontas and in West Plains, Missouri.

**Page 2 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

8.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim herein occurred in the district.

### III.    THE PARTIES

9.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10.     Plaintiff is a resident and citizen of Randolph County.

11.     From approximately December of 2018 until June of 2019, Plaintiff was an hourly-paid delivery driver employee at Defendants' pizza store located at 1013 McQuay Avenue, Pocahontas, Arkansas 72455.

12.     At all times material herein, Plaintiffs and those similarly situated to Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA, the AMWA and the MMWL.

13.     Defendant Pizza Czar, Inc., d/b/a Domino's Pizza ("Defendant Pizza Czar"), is a foreign, for-profit corporation, which operates various Domino's franchises in Arkansas and Missouri.

14.     Defendant Pizza Czar's principal address is 1152 Ransom Road, West Plains, Missouri 65775.

15.     Defendant Pizza Czar, Inc.'s registered agent for service of process in the State of Arkansas is Shane Holloway, 1013 McQuay Avenue, Pocahontas, Arkansas 72455.

16.     Defendant Pizza Czar, Inc., was incorporated and organized by Shane Holloway.

**Page 3 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

17.     Defendant Shane Holloway ("Defendant Holloway") is the owner of Pizza Czar, Inc.

18.     Defendant Holloway is the operator of Pizza Czar, Inc.

19.     Defendant Holloway is the president of Pizza Czar, Inc.

## IV.     FACTUAL ALLEGATIONS

20.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

21.     The Pizza Czar, Inc., Domino's stores are part of a single integrated enterprise.

22.     At all relevant times, Defendants' stores shared common management and were centrally owned by Defendants.

23.     At all relevant times, Defendants maintained control over labor relations, policies, and procedures at Defendants' stores.

24.     During all relevant times, Defendants allowed employees to transfer or be shared by and between all Pizza Czar locations without retraining.

25.     Defendants have direct or indirect control of the terms and conditions of Plaintiff's work and the work of similarly situated delivery driver employees.

26.     During all relevant times, Defendants exercised operational control over the delivery drivers at Defendants' stores, including, but not limited to, control over recruiting and training of delivery drivers, compensation of delivery drivers, job duties of delivery drivers, reimbursements to delivery drivers, recruiting and training managers, design and layout of the restaurants, sales, and

**Page 4 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

marketing programs, public relations programs, promotional services, appearance and conduct standards, inventory, and inventory controls.

27. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

28. During each of the three years preceding the filing of this Complaint, Defendants employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, including goods or materials typically used in the fast food industry.

29. Defendants have substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

30. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all delivery drivers at all of their locations, including policies, practices, and procedures relating to payment of minimum wages and reimbursement of automobile expenses.

31. At all relevant times, Defendants maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited

**Page 5 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

32.    Defendant Holloway is individually liable to Pizza Czar's delivery drivers under the definitions of "employee" set forth in the FLSA, 29 U.S.C. § 203(d), and AMWA because he owns and operates the Pizza Czar Domino's stores, serves as a manager of Pizza Czar, Inc., controls significant aspects of Pizza Czar, Inc.'s day-to-day functions, and ultimately has control over compensation and reimbursement of employees.

33.    At all relevant times, by virtue of his role as owner and president of Pizza Czar, Inc., Defendant Holloway has had financial control over the operations at each of the Pizza Czar, Inc., Domino's stores.

34.    At all relevant times, by virtue of his role as owner and president of Pizza Czar, Inc., Defendant Holloway had a role in significant aspects of the Pizza Czar, Inc., Domino's stores' day-to-day operations.

35.    At all relevant times, by virtue of his role as owner and president of Pizza Czar, Inc., Defendant Holloway has had control over the Pizza Czar, Inc., Domino's stores' pay policies.

36.    At all relevant times, by virtue of his role as owner and president of Pizza Czar, Inc., Defendant Holloway has had power over personnel and payroll decisions at the Pizza Czar, Inc., Domino's stores, including but not limited to influence over delivery driver pay.

37.    At all relevant times, by virtue of his role as owner and president of Pizza Czar, Inc., Defendant Holloway has had the power to hire, fire and

Page 6 of 28
James Ewing v. Pizza Czar, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR
First Amended and Substituted Complaint—Class and Collective Action

discipline employees, including delivery drivers at Pizza Czar, Inc., Domino's stores.

38.    At all relevant times, by virtue of his role as owner and president of Pizza Czar, Inc., Defendant Holloway has had the power to stop any illegal pay practices that harmed delivery drivers at the Pizza Czar, Inc., Domino's stores.

39.    At all relevant times, by virtue of his role as owner and president of Pizza Czar, Inc., Defendant Holloway has had the power to transfer the assets and liabilities of the Pizza Czar, Inc., Domino's stores.

40.    At all relevant times, by virtue of his role as owner and president of Pizza Czar, Inc., Defendant Holloway has had the power to declare bankruptcy on behalf of the Pizza Czar, Inc., Domino's stores.

41.    At all relevant times, by virtue of his role as owner and president of Pizza Czar, Inc., Defendant Holloway has had the power to enter into contracts on behalf of each of the Pizza Czar, Inc.'s Domino's stores.

42.    At all relevant times, by virtue of his role as owner and president of Pizza Czar, Inc., Defendant Holloway has had the power to close, shut down, and/or sell each of the Pizza Czar Inc.'s Domino's stores.

43.    At all relevant times, by virtue of his role as owner and president of Pizza Czar, Inc., Defendant Holloway had authority over the overall direction of each of Pizza Czar, Inc.'s Domino's stores and was ultimately responsible for their operations.

44.    The Pizza Czar, Inc.'s Domino's stores function for Defendant Holloway's profit.

**Page 7 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

45.     Defendants have more than four employees.

46.     Defendants are an "employer" within the meanings set forth in the FLSA, and were, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

47.     Defendants own and operate the Domino's pizza franchises located at 1152 Ransom Road, West Plains, Missouri 65775; and 1013 McQuay Avenue, Pocahontas, Arkansas 72455.

48.     During the period relevant to this lawsuit, Defendants classified Plaintiff and those similarly situated as hourly employees non-exempt from the overtime requirements of the FLSA.

49.     Some or all of Defendants' restaurants employ delivery drivers.

50.     Plaintiff and other delivery drivers employed by Defendants over the last three years have had essentially the same job duties, which were to deliver pizza and other food items to customers, and complete various tasks inside the restaurant when they were not delivering pizzas.

51.     Plaintiff and the other delivery drivers at Defendants' restaurants work "dual jobs," specifically one where they deliver food and receive tips and another where they work inside the store completing non-tipped duties.

52.     Defendants paid Plaintiff and other delivery drivers a rate at or close to minimum wage per hour for work performed while in the store.

**Page 8 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

53.    Defendants paid Plaintiff and other delivery drivers less than minimum wage per hour plus "tip credit" for all hours worked outside of the restaurant making deliveries.

54.    Plaintiff and other delivery drivers would "clock out" from working inside the store and "clock in" as making deliveries when leaving the restaurant to make deliveries, thereby changing their hourly pay rate.

55.    Defendants require delivery drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendants' pizza and other food items.

56.    Defendants require delivery drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing, cell phone costs, and other equipment necessary for delivery drivers to complete their job duties.

57.    Pursuant to such requirements, Plaintiff and other similarly situated employees purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, paid for automobile financing, and incurred cell phone and data charges all for the primary benefit of Defendants.

58.    Defendants' stores do not track their delivery drivers' actual expenses nor do they keep records of all of those expenses.

**Page 9 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

59.    One or more of Defendants' stores did not reimburse delivery drivers for their actual expenses. In fact, none of Defendant's stores reimbursed delivery drivers for their actual expenses.

60.    One or more of Defendants' stores did not reimburse delivery drivers at the IRS standard business mileage rate. In fact, none of Defendants' stores reimbursed delivery drivers at the IRS standard business mileage rate.

61.    One or more of Defendants' stores did not reimburse delivery drivers at a reasonable approximation of the drivers' expenses. In fact, none of Defendants' stores reimburse delivery drivers at a reasonable approximation of the drivers' expenses.

62.    Delivery drivers at Defendants' stores are reimbursed a flat rate per delivery no matter how many miles the deliveries take to complete.

63.    According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods has been as follows:

2016: 54 cents/mile
2017: 53.5 cents/mile
2018: 54.5 cents/mile
2019: 58 cents/mile

64.    As a result of the automobile and other job-related expenses incurred by Plaintiffs and other similarly situated delivery drivers, they were deprived of minimum wages guaranteed to them by the FLSA.

65.    At all relevant times, Defendants have applied the same pay policies, practices, and procedures to all delivery drivers at their stores.

66.    All of Defendants' delivery drivers had similar experiences to that of Plaintiff.

**Page 10 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

67.     All of Defendants' delivery drivers were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the applicable minimum wage rate before deducting unreimbursed vehicle costs.

68.     Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the minimum wage laws.

69.     Defendants charge customers a delivery fee separate from the food charge, but the delivery charge is not paid to the driver per the Dominos.com website (www.dominos.com).

70.     As of the filing of this Complaint, all of Defendants' stores charge a delivery fee of $2.50 per order.

71.     Defendants paid Plaintiff and other delivery drivers $1.50 per delivery.

72.     Plaintiff averaged about three deliveries per hour while working as a delivery driver.

73.     The typical delivery was anywhere from one to five miles away from the restaurant.

74.     Plaintiff estimates that the average delivery was three miles away (six miles roundtrip).

**Page 11 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

75.     Thus in 2019, Defendants' average reimbursement rate for Plaintiff was approximately $0.25 per mile ($1.50 per delivery/6 average miles per delivery).

76.     In 2019, for example, the IRS business mileage reimbursement has been $0.58 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. https://www.irs.gov/tax-professionals/standard-mileage-rates. Using that IRS rate as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased their net wages by approximately $0.31 ($0.58 - $0.25) per mile. Considering the estimate of about five average miles per delivery, Defendants under-reimbursed Plaintiff about $1.86 per delivery.

77.     Thus, while making deliveries (assuming 3 deliveries per hour), Plaintiff has consistently "kicked back" to Defendants approximately $5.58 per hour ($1.86 per delivery x 3 deliveries per hour).

78.     Defendants also took deductions from the wages of Plaintiff and similarly situated delivery drivers for the costs of uniforms that bear the Domino's logo.

79.     Plaintiff and similarly situated delivery drivers were required to wear uniforms with the Domino's logo for Defendants' benefit.

80.     Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the applicable minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses and other job

**Page 12 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

81.    Defendants have willfully failed to pay minimum wage to Plaintiff and similarly situated delivery drivers at Defendants' stores.

Defendants willfully failed to pay overtime wages to Plaintiff and other and similarly situated delivery drivers who worked more than forty (40) hours in a week during the time period relevant to this Complaint.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

### A.    FLSA 216(b) Collective

82.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

83.    Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.    Minimum wages for the first forty (40) hours worked each week;

B.    Overtime premiums for all hours worked for Defendants in excess of forty (40) hours in any week;

C.    Liquidated damages; and

D.    Attorney's fees.

84.    Plaintiff proposes the following class under the FLSA:

**All delivery drivers in the last three years.**

**Page 13 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

85.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit, attached hereto as Exhibit A.

86.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

87.     The members of the proposed FLSA Class are similarly situated in that they share these traits:

A.     They were classified by Defendant as non-exempt from the minimum wage and overtime requirements of the FLSA;

B.     They had substantially similar job duties, requirements, and pay provisions;

C.     They were required by Defendants to incur expenses to maintain vehicles for delivery of Defendants' products;

D.     They were subject to Defendants' common policy of not reimbursing delivery drivers for automobile expenses related to making deliveries for Defendants' restaurants;

E.     They did not receive a lawful minimum wage for the time spent making deliveries for Defendants' businesses.

88.     Plaintiff's claims are essentially the same as those of the FLSA Collective.

**Page 14 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

89.     Plaintiff is unable to state the exact number of potential members of the FLSA Collective but believes that the class exceeds fifty (50) persons.

90.     Defendants' unlawful conduct is pursuant to a corporate policy or practice.

91.     Defendants are aware or should have been aware that federal law required them to pay employees minimum wage for all hours worked and time-and-a-half overtime wages for hours worked in excess of 40 per week.

92.     Defendants are aware or should have been aware that federal law required them to reimburse delivery workers for expenses relating to "tools of the trade," such as, among other things, automobile costs and gasoline for delivery drivers.

93.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

94.     Defendants can readily identify the members of the class, which encompasses all delivery driver employees of Defendants' restaurants within the three-year period preceding the filing of Plaintiff's Complaint.

95.     The names, addresses and cell phone numbers of the FLSA collective action plaintiffs are available from Defendants, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, email, and first class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

**Page 15 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

### B.    AMWA Rule 23 Class

96.    Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure,

97.    Plaintiff proposes to represent the class of delivery drivers who are/were employed by Defendant within the relevant time period within the State of Arkansas.

98.    Common questions of law and fact relate to all members of the proposed Hourly AMWA Class, such as whether Defendant paid the members of the proposed class a lawful minimum wage for all hours worked in accordance with the AMWA.

99.    Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA Class.

100.    The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious

**Page 16 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

101.    At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

102.    Concentrating the litigation in this forum is highly desirable because the many of the class members reside in the Eastern District of Arkansas and Defendant does business in the Eastern District of Arkansas.

103.    No difficulties are likely to be encountered in the management of this class action.

104.    The claims of Plaintiff are typical of the claims of the proposed classes in that Plaintiff worked as a delivery driver for Defendant and experienced the same violations of the AMWA that all other class members suffered.

105.    Plaintiff and his counsel will fairly and adequately protect the interests of the class.

106.    Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

107.    Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with

Page 17 of 28
James Ewing v. Pizza Czar, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR
First Amended and Substituted Complaint—Class and Collective Action

respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

### C.    MMWL Rule 23 Class

108.    Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Missouri, brings this claim for relief for violation of the MMWL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure,

109.    Plaintiff proposes to represent the class of delivery drivers who are/were employed by Defendant within the relevant time period within the State of Missouri.

110.    Common questions of law and fact relate to all members of the proposed Hourly MMWL Class, such as whether Defendant paid the members of the proposed class a lawful minimum wage for all hours worked in accordance with the MMWL.

111.    Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed MMWL Class.

112.    At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

113.    No difficulties are likely to be encountered in the management of this class action.

**Page 18 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

115.    Plaintiff and his counsel will fairly and adequately protect the interests of the class.

116.    Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

117.    Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.    FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

118.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

119.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

120.    At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

121.    At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

**Page 19 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

122.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

123.    During the period relevant to this lawsuit, Defendants classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

124.    Defendants paid Plaintiff at or close to minimum wage for all hours worked; however, Defendants required Plaintiff to pay for automobile expenses and other job-related expenses out of pocket and failed to properly reimburse Plaintiff for the expenses.

125.    By the acts and conduct described above, Defendants willfully violated the provisions of the FLSA and disregarded the rights of Plaintiff to receive minimum wage and overtime pay at an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

126.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

127.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

Page 20 of 28
James Ewing v. Pizza Czar, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR
First Amended and Substituted Complaint—Class and Collective Action

## VII.    SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the AMWA)

128.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

129.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann.§§ 11-4-201 *et seq.*

130.    At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

131.    Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

132.    During the period relevant to this lawsuit, Defendants classified Plaintiff as non-exempt from the overtime requirements of the AMWA.

133.    Because Defendants required Plaintiff to pay for automobile expenses and other job-related expenses out of pocket, Defendants failed to pay Plaintiff a minimum wage rate for all hours up to forty (40) in each one-week period and an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each one-week period.

134.    Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

135.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including

**Page 21 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

reasonable attorneys' fees, for all violations that occurred within the two (2) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

## VIII.   THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

136.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

137.    Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

138.    At all relevant times, Defendants have been, and continue to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

139.    During the period relevant to this lawsuit, Defendants classified Plaintiff and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

140.    Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, and because Defendants required Plaintiff to pay for automobile expenses and other job-related expenses out of pocket, Defendants failed to pay Plaintiff and the members of the FLSA collective a minimum wage rate for all hours up to forty (40) in each one week period and an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

**Page 22 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

141.    Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

142.    By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

143.    Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### IX.    FOURTH CAUSE OF ACTION
### (Class Action Claim for Violation of AMWA)

144.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

145.    Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

146.    At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

147.    Defendant classified Plaintiffs and the members of the proposed class as non-exempt from the overtime requirements of the AMWA.

148.    Despite the entitlement of Plaintiff and the members of the proposed class to minimum wage and overtime payments under the AMWA,

**Page 23 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

Defendant failed to pay Plaintiff and the members of the proposed class an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

149.    Defendant willfully failed to pay all wages owed to Plaintiff and the members of the proposed class.

150.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all members of the proposed class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## X.    FIFTH CAUSE OF ACTION
### (Class Action Claim for Violation of MMWL)

151.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

152.    Plaintiff, individually and on behalf of the members of the proposed class, asserts this claim for damages and declaratory relief pursuant to the MMWL, R.S.Mo. §§ 290.500, *et seq.*

153.    At all times relevant herein, Plaintiff and the class members were "employees" of Defendants and have been entitled to the rights, protections and benefits provided under the MMWL. R.S.Mo. § 500(3).

**Page 24 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

154.    At all times relevant herein, Defendants were the "employers" of Plaintiff and the class members within the meaning of the MMWL. R.S.Mo. § 290.500(3).

155.    Under the MMWL, non-exempt employees are entitled to a higher minimum wage than provided for under federal law. R.S.Mo. § 290.502.

156.    Defendant classified Plaintiff and the class members as non-exempt employees under the MMWL.

157.    Defendant did not pay Plaintiff and the class members a lawful minimum wage for all hours worked.

158.    Defendant willfully failed to pay all wages owed to Plaintiff and the members of the proposed class.

159.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all members of the proposed class for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## XI.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff James Ewing, individually and on behalf of all others similarly situated, respectfully prays as follows:

A.    That each Defendant be summoned to appear and answer this Complaint;

Page 25 of 28
James Ewing v. Pizza Czar, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR
First Amended and Substituted Complaint—Class and Collective Action

B.    That Defendants be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

C.    For orders regarding certification of and notice to the proposed collective action members;

D.    A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

E.    A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

F.    A declaratory judgment that Defendants' practices alleged herein violate the Missouri Minimum Wage Law, R.S.Mo. § 290.500, *et seq.*;

G.    Judgment for damages for all unpaid minimum wage compensation, overtime compensation, and unreimbursed expenses owed to Plaintiff and the proposed class members under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

H.    Judgment for damages for all unpaid minimum wage compensation, overtime compensation, and unreimbursed expenses owed to Plaintiff under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

I.    Judgment for damages for all unpaid minimum wage compensation, overtime compensation, and unreimbursed expenses owed to

**Page 26 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

Plaintiff and the proposed class members under the Missouri Minimum Wage Law, R.S.Mo. § 290.500, *et seq.*;

J.      Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 216 in an amount equal to all unpaid minimum wage compensation, overtime compensation, and unreimbursed expenses owed to Plaintiff and the proposed class members during the applicable statutory period;

K.      Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-218 and the relating regulations;

L.      Judgment for liquidated damages pursuant to the Missouri Minimum Wage Law, R.S.Mo. § 290.500, *et seq.*;

M.      For a reasonable attorneys' fee, costs, and pre-judgment interest; and

N.      Such other and further relief as this Court may deem necessary, just and proper.

**Page 27 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**

Respectfully submitted,

**JAMES EWING, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 28 of 28**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**First Amended and Substituted Complaint—Class and Collective Action**