IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**JAMES EWING, Individually and on**                                      **PLAINTIFFS**
**Behalf of All Others Similarly Situated**

vs.                                    No. 3:19-cv-232-LPR

**PIZZA CZAR, INC., and**                                      **DEFENDANTS**
**SHANE HOLLOWAY**

## JOINT MOTION (AND INCORPORATED BRIEF) FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

COME NOW Plaintiff James Ewing ("Named Plaintiff"), individually and on behalf of all others similarly situated ("Settlement Class" and, together with Named Plaintiff "Plaintiffs"), and Defendants Pizza Czar, Inc., and Shane Holloway ("Defendants" and, together with Plaintiffs the "Parties"), and jointly submit this Motion for Final Approval of Class and Collective Action Settlement.

### I.      INTRODUCTION AND SETTLEMENT PARTICIPATION

This lawsuit was filed on August 21, 2019, in the United States District Court for the Eastern District of Arkansas. Plaintiff asserted individual claims against Defendants under the Arkansas Minimum Wage Act ("AMWA"), as well as individual and collective claims under the Fair Labor Standards Act ("FLSA"). Plaintiff alleged that Defendants failed to pay delivery drivers the legal minimum hourly wage for all hours worked and lawful overtime compensation for all hours worked in excess of 40 per workweek. Specifically, Plaintiff alleged that Pizza Czar's expense reimbursement policies resulted in drivers receiving less than the IRS standard business mileage rate, and that the

Page 1 of 11
James Ewing v. Pizza Czar, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR
Joint Motion for Final Approval of Class and Collective Action Settlement

difference caused the drivers to be paid less than the applicable minimum wage. Defendants deny that the IRS rate is applicable and assert that delivery drivers were compensated at or above the applicable minimum wage at all times and that their reimbursement policies did not result in the violation of any law.

After extensive negotiations taking place at arms' length, the Parties reached a settlement, the terms of which are contained in the Settlement and Release Agreement ("Agreement") attached to the Parties' previously filed Motion for Leave to File First Amended Complaint, Rule 23 Class Certification, Preliminary Approval of Class and Collective Action Settlement and Notice to the Settlement Class. *See* ECF Nos. 41-1 & 41-2. The Agreement resolves wage and hour claims for delivery drivers of Defendants who had worked for Defendants during the three years preceding November 19, 2020.

The Parties previously sought certification of the following collective: "All persons who worked for Pizza Czar, Inc. at its Domino's Pizza stores in Arkansas and Missouri as pizza delivery drivers at any time during the three-year period preceding the Court's Order approving notice." ECF No. 21. During a November 19, 2020, hearing, the Court granted certification of the collective, and directed that the Parties send out notice to the potential collective members. *Id.* During the ensuing collective notice period, 39 individuals, in addition to Named Plaintiff James Ewing, submitted opt-in forms, joining the case as party-plaintiffs ("Opt-In Plaintiffs").

Following the collective notice period, the Parties sought an Order from this Court: 1) certifying an Arkansas wage and hour class action under Rule 23 of the Federal Rules of Civil Procedure for purposes of settlement and appointing the Sanford Law Firm as Class Counsel; 2) granting preliminary approval of the Parties' Agreement as amended;

Page 2 of 11
James Ewing v. Pizza Czar, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR
Joint Motion for Final Approval of Class and Collective Action Settlement

3) approving the Parties' proposed forms and methods of giving class members notice of the proposed settlement, including the use of CAC Services Group, LLC as Settlement Administrator; and 4) setting a hearing on whether the Court should grant final approval of the settlement, enter judgment, award attorneys' fees and costs to Plaintiff and Class Counsel, and approve a service award to the Named Plaintiff James Ewing. *See* ECF No. 41. The Court granted the Parties' Motion and directed that the Settlement Administrator to send the approved Notice and Claim Form to Settlement Class Members. *See* ECF No. 42.

After the class notice period, 53 individuals submitted a valid Claim Form, joining this settlement in toto and claiming their allocated share of the Net Class Settlement Fund. 19 individuals previously returned a Consent Form and did not return a Claim Form, meaning that the total amount of Authorized Claimants is 72. The total amount of the settlement payable to the Authorized Claimants, who will each receive their full Potential Settlement Payment including a $25.00 minimum amount to be paid to Authorized Claimants whose allocated amount based on miles driven was less than $25.00, is $12,733.59. The remaining Settlement Class Members will each receive a $25.00 minimum payment, totaling $6,800.00.  The remaining $216.41 from the total $19,570.00 Net Class Settlement Fund, as well as any checks unclaimed after 180 days, will be held in QSF as part of the Contingent Fund.  This amount will be in addition to the agreed-upon $5,000.00 for the Contingent Fund, which will be reserved for Settlement Class Members submitting late Claim Forms during the Contingent Fund Period and other contingencies.

**Page 3 of 11**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**Joint Motion for Final Approval of Class and Collective Action Settlement**

Class Counsel, who are well-respected and experienced in prosecuting FLSA and Rule 23 collective and class actions, have concluded that the settlement is an excellent result under the circumstances and is clearly in the best interest of the Participating Class Members. This conclusion is based on all the circumstances presented here, a complete analysis of all available evidence, the substantial risks, expense and uncertainties in continuing the lawsuit, the relative strengths and weaknesses of the claims and defenses asserted, the legal and factual issues presented, and past experience in litigating complex actions similar to this action.

The Settlement Class appear to agree with Class Counsel's conclusion. Pursuant to the Court's preliminary approval order, a Notice of Proposed Settlement of Class Action (the "Notice") was mailed to 343 potential Class Members. The class notice apprised Class Members of their right, and procedures for, opting out or objecting to the settlement. The time to file objections has already passed as of September 20, and no class members have opted out of the settlement and no class members have objected to any aspect of the settlement. This overwhelming acceptance of the settlement by the Settlement Class fully supports a finding that the settlement and allocation are fair, reasonable, and adequate with respect to the Class and should be approved.

## II.    FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

### A.    The Settlement Enjoys a Presumption of Fairness.

The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding the time, cost, and rigor of prolonged litigation. *See Cohn v. Nelson*, 375 F. Supp. 2d 844, 852 (E.D. Mo. 2005) ("The law favors settlement, particularly in class actions and other complex cases where

**Page 4 of 11**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**Joint Motion for Final Approval of Class and Collective Action Settlement**

substantial judicial resources can be conserved by avoiding formal litigation."). *See also Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist. No. 1*, 921 F.2d 1371, 1383 (8th Cir. 1990) ("The law strongly favors settlements. Courts should hospitably receive them."); *Schoenbaum v. E.I. Dupont De Nemours & Co.*, 2009 U.S. Dist. LEXIS 114080 (E.D. Mo. Dec. 8, 2009) ("Especially in the context of class actions, the federal judiciary has a strong policy of promoting and encouraging settlements between litigating parties."); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 2004 U.S. Dist. LEXIS 23342 (W.D. Mo. Apr. 20, 2004) ("The policy in favor of settlement is so strong that such agreements are presumptively valid."); *Newberg on Class Actions* § 11.41 (Fourth) (2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").

At the outset, the settlement should be accorded a presumption of fairness. "A presumption of [fairness] applies to a class settlement reached in arm's-length negotiations between experienced, capable counsel." *Austin v. Metro. Council*, 2012 U.S. Dist. LEXIS 41750, *18-19 (D. Minn. Mar. 27, 2012); see also 4 Newberg § 11.41 (noting that where the settlement is the product of arm's-length negotiations between capable counsel experienced in complex class action litigation, the court should begin its analysis with a presumption that the settlement is fair and should be approved). Courts give "great weight" to and may "rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement." *Welsch v. Gardebring*, 667 F. Supp. 1284, 1295 (D. Minn. 1987). Additionally, the court "does not have the responsibility of trying the case or ruling on the merits of the matters resolved by the agreement . . . . Rather, the very

Page 5 of 11
James Ewing v. Pizza Czar, Inc., et al.
U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR
Joint Motion for Final Approval of Class and Collective Action Settlement

purpose of compromise is to avoid the delay and expense of such a trial." *White v. National Football League*, 822 F. Supp. 1389, 1417 (D. Minn. 1993).

In approving a proposed settlement of a class action in this Circuit, a court must find that the proposed settlement is both fair and adequate. *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995). The fairness inquiry focuses on whether the settlement was reached as a result of good faith bargaining at arm's length without collusion. *See id.*, 64 F.3d at 1178. The factors which courts should consider in determining fairness are: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. *Moore v. Ackerman Investment Co.*, 2009 U.S. Dist. LEXIS 78725 (N.D. Iowa Sept. 1, 2009); *Sanderson v. Unilever Supply Chain, Inc.*, No. 10-CV-00775-FJG, 2011 U.S. Dist. LEXIS 132378 (W.D. Mo. Nov. 16, 2011).

Here, the settlement is presumed fair and falls within the range of possible approval. The settlement was reached exclusively through arm's length bargaining and an in-person mediation with a neutral and experienced wage and hour class and collective action mediator. Plaintiff's counsel and counsel for Defendants have engaged in direct negotiations concerning the possible settlement of all claims, including an informal exchange of data regarding the number of miles driven by and reimbursements paid to class members, as well as individualized damages analyses. The parties continued their

**Page 6 of 11**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**Joint Motion for Final Approval of Class and Collective Action Settlement**

negotiations with a full-day mediation on December 17, 2019, with an experienced FLSA class and collective action mediator, Allen Blair, Esquire, and ultimately came to an agreement.

In negotiating the settlement, Plaintiff had the benefit of attorneys who are highly experienced in complex litigation and familiar with the legal and factual issues of the case. In Plaintiffs' counsel's view, the settlement provides substantial benefits to the Class Members, especially when considering, among other things, the attendant expense, risks, difficulties, delays, and uncertainties of litigation, trial, and post-trial proceedings.

### B.    The Terms of the Settlement Are Fair to the Settlement Class.

Under the terms of the settlement, Defendants will provide significant benefits to the Settlement Class. The Parties' Agreement sets forth the following formula for determining the payment for each Authorized Claimant:

- For each Settlement Class Member, the total number of his/her recorded miles making deliveries for Defendants during the period dating back to three years prior to filing of the Complaint through the date of preliminary approval shall be his/her "Individual Miles." The aggregate of all Individual Miles among all Settlement Class Members shall be the "Class Miles."

- Each Settlement Class Member's Individual Miles shall be divided by the Class Miles to obtain his/her "Payment Ratio."

- Each Settlement Class Member's Payment Ratio shall be multiplied by the Class Settlement Pool to arrive at his/her Potential Settlement Payment.

Defendants will also create a Contingent Fund, including the amount of any checks paid out of the Net Class Settlement fund which remain unclaimed after 180 days. The

**Page 7 of 11**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**Joint Motion for Final Approval of Class and Collective Action Settlement**

Contingent Fund will be held for individuals who file late claim forms and contingencies, such as additional claims administration costs. Individuals who submit a late claim form within the Contingent Fund Period will receive their Potential Settlement Payment less the minimum payment previously received (as described above), unless such payments exceed the Contingent Fund, in which case they will receive a pro rata share of the remainder of the Contingent Fund at the time the claim is made. The Contingent Fund will be open through the expiration of the statute of limitations for all Class Members, which is three years following the date the Court granted preliminary approval. This is a significant benefit to Class Members who fail to timely file a consent form.

The settlement amounts to be paid to individuals who submit claim forms are fair and reasonable in this case because they are based on a reasonable compromise of disputed vehicle expenses. The minimum payments to those who do not submit claim forms but do not exclude themselves are fair and reasonable because those Class Members should receive value in exchange for the release of their claims, as discussed below. In many class actions, non-claimants do not receive anything but remain bound by the release if they do not affirmatively exclude themselves.

Here, the settlement provides Class Members with substantial relief, without the delay and expenses of the trial and post-trial proceedings. In other cases, disputes over unreimbursed vehicle expenses for pizza delivery drivers have turned into costly and complex competitions between expert witnesses over the minutiae of automobile maintenance. *See, e.g., Sullivan v. PJ United, Inc.*, 362 F. Supp. 3d 1139, 1160 (N.D. Ala. 2018); *Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 721-22 (E.D. Mo. 2015). Counsel for both Parties took the risk of protracted and expensive litigation into account

**Page 8 of 11**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
***Joint Motion for Final Approval of Class and Collective Action Settlement***

and arrived at a settlement amount that approximates what the Class Members could have obtained by winning at trial: Class Members who claim their Potential Settlement Payments stand to receive an amount that approximates the difference between the expense reimbursement they received from Defendants and the reimbursement amount proposed by the plaintiffs' expert in the *Sullivan* case. *Sullivan*, 362 F. Supp. at 1160.

**C. The Lack of Class Member Opposition to the Settlement Favor Final Approval.**

The attitude of class members, as either expressed or by failure to object after notice of the settlement, is a factor to be considered by the court. *DeBoer*, 64 F.3d at 1178 ("The fact that only a handful of class members objected to the settlement similarly weighs in its favor."); *Moore*, 2009 U.S. Dist. LEXIS 78725; *Sanderson*, 2011 U.S. Dist. LEXIS 132378. The overwhelming approval by the Class Members is an important factor in evaluating the fairness, reasonableness, and adequacy of the settlement and supports approval by the Court. *DeBoer*, 64 F.3d at 1178. As the Honorable Jeremy Fogel noted: "[T]he reaction of the class to the proffered settlement... is perhaps the most significant factor to be weighed in considering its adequacy." *In re Rambus Inc. Derivative Litig.*, 2009 WL 166689, 3 (N.D. Cal. Jan 20, 2009) (citation omitted); *see also Stoetzner v.U.S. SteelCorp.*, 897 F.2d 115,119 (3d Cir. 1990) (fact only 10% of class objected "strongly favors settlement"); *Nat'l Rural Telecomms. Coop v. DIRECTV, Inc.*, 221 F.R.D. 523,529 (C.D. Cal. 2004) (absence of large number of objections raises a strong presumption settlement is fair to class).

In this case, no Class Members have voiced disapproval of the settlement. Notices of settlement were sent to 343 potential Class Members. The time period for objecting to the settlement expired on September 20. Neither the Settlement Administrator nor

**Page 9 of 11**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**Joint Motion for Final Approval of Class and Collective Action Settlement**

counsel for the Parties have received no objections to any part of the settlement, nor any requests to opt out of the settlement.

### D. The Service Award Allocated for Named Plaintiff is Reasonable.

Finally, the service award to Named Plaintiff is appropriate and serves public policy by encouraging individuals to come forward to protect the rights of others, while at the same time compensating the Named Plaintiff for his time, effort, and inconvenience to represent the interests of absent Class Members. *See e.g., In re Linderboard Antitrust Litig.*, No. MDL 1261, 2004 WL 1221350, *19 (E.D. Pa. Jun. 2, 2004) (incentive awards of $25,000); *Brotherton v. Cleveland*, 141 F. Supp. 2d 907, 913 (S.D. Ohio 2001) ($50,000 incentive award); *see also Manual of Complex Litigation* § 30.42 at n.763. The award is also consideration for Named Plaintiff's agreement to sign a general release in favor of Defendants, and the award also recognizes his role in this litigation as the lead plaintiff, bearing risks on behalf of the class.

### III. CONCLUSION

Given the presence of skilled counsel for all parties, the further substantial expense if this Litigation were to continue, the risks attendant with continued litigation, the sizable present benefit of the settlement, and the arm's-length negotiations leading to settlement, the Court should find that the settlement is fair and adequate. Therefore, for the reasons discussed herein, the parties respectfully request that this Court grant final approval of the settlement as fair, reasonable, and adequate and enter judgment in these actions.

**Page 10 of 11**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**Joint Motion for Final Approval of Class and Collective Action Settlement**

Respectfully submitted,

**JAMES EWING, Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**DEFENDANTS PIZZA CZAR, INC., and SHANE HOLLOWAY**

FISHER & PHILLIPS, LLP
1715 Aaron Brenner Drive, Suite 312
Renaissance Center
Memphis, Tennessee 38120
Phone: (901) 526-0431
Fax: (901) 526-8183

*/s/ Jeff Weintraub*
Jeff Weintraub
Ark. Bar No. 2010006
jweintraub@fisherphillips.com

Matthew R. Korn (admitted *pro hac vice*)
1320 Main Street, Suite 750
Columbia, South Carolina 29201
Phone: (803) 255-0000
Fax: (803) 255-02020
mkorn@fisherphillips.com

**Page 11 of 11**
**James Ewing v. Pizza Czar, Inc., et al.**
**U.S.D.C. (E.D. Ark.) Case No. 3:19-cv-232-LPR**
**Joint Motion for Final Approval of Class and Collective Action Settlement**